17-2660-ag
Chance v. Barr

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

COREY ANTHONY CHANCE, AKA COREY ANTONIO CHANCE,

*Petitioner*,

v.                                                        No. 17-2660-ag

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

FOR PETITIONER: JOSEPH MORAVEC (Nicholas J. Phillips, *on the brief*), *for* Prisoners' Legal Services of New York, Albany, NY.

FOR RESPONDENT: SCOTT GRANT STEWART (Chad A. Readler, Principal Deputy Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, W. Daniel Shieh, Trial Attorney, *on the brief*), *for* Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Corey Anthony Chance, a native and citizen of Jamaica, seeks review of an August 3, 2017 decision of the BIA, which affirmed an October 7, 2016 decision of an Immigration Judge (IJ) denying Chance's application for withholding of removal and what he characterizes as his request for a continuance pending adjudication of his U-visa application. Chance's petition challenges both conclusions, arguing that: (1) the BIA and the IJ failed to apply

2

the correct legal standard to his putative request for a continuance; and (2) the BIA and the IJ erred in denying his application for withholding of removal. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny Chance's petition for review.

1. <u>Continuance</u>

The Government argues that Chance's continuance argument is not properly before us because Chance did not seek a continuance before the agency and therefore failed to exhaust the issue. We agree. Chance's IJ motion, his BIA briefing, and his BIA notice of appeal all state that Chance sought termination or administrative closure. They do not indicate, however, that Chance sought a continuance. The IJ's stray references to a "continuance" during the hearing and in his decision do not persuade us that Chance ever in fact made such a motion, and the IJ explicitly ruled only on the motions for termination and administrative closure. In any event, we believe that remand on this point would be futile in light of the overlap, acknowledged by Chance's counsel at oral argument, between the standards for administrative closure and

continuance.  See Oral Argument at 7:22—8:01, <u>Chance v. Barr</u> (No. 17-2660-ag), http://www.ca2.uscourts.gov/decisions.  For these reasons, we decline to address Chance's argument that the agency erred in denying his purported request for a continuance.  See <u>Zhong v. U.S. Dep't of Justice</u>, 480 F.3d 104, 122, (2d Cir. 2007).

2.  <u>Withholding of Removal</u>

Finally, Chance argues that the BIA and the IJ erred in denying his application for withholding of removal.  But Chance failed to sufficiently establish that he was persecuted in the past or that he had a well-founded fear of future persecution.  And we agree with the BIA that Chance's testimony about his potential persecution "was sparse, very general . . . [and lacked] corroborative evidence."  Admin. R. at 3.  We therefore deny Chance's petition for review with respect to his application for withholding of removal.

We have considered Chance's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions are hereby DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5